AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JOHN DOE, a.k.a. "T.B."<br><br>Defendant(s) | Case No.<br>5:20-mj-1181-PRL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 27, 2020** in the county of **Marion** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1542 | False Statements in the Application for a United States Passport |

This criminal complaint is based on these facts:

See attached affidavit

☒ Continued on the attached sheet.

*Complainant's signature*

SA Kevin D. Grant, U.S. Diplomatic Security Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/30/2020

*Judge's signature*

City and state: Ocala, Florida

Philip R. Lammens, United States Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                                           Case no. 5:20-mj-1181-PRL

COUNTY OF MARION

### AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Kevin D. Grant, first being duly sworn, does hereby depose and state as follows:

### I. Introduction and Agent Background

1. I am employed by the U.S. Department of State, Bureau of Diplomatic Security. I have been a Special Agent since September 2011 and an employee with the Department of State since March 2011. My duties include conducting criminal investigations into passport and visa fraud, the protection of foreign dignitaries and government officials, and managing security programs at U.S. Embassies and Consulates. I have received training in conducting criminal investigations from the Federal Law Enforcement Training Center in Brunswick, Georgia and specialized training regarding passport fraud, visa fraud and identity theft from the Diplomatic Security Training Center in Dunn Loring, Virginia.

2. The information contained in this affidavit is based upon my personal knowledge, in addition to information provided to me by other law enforcement officials. I have not included in the affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this Court to authorize an arrest warrant for the defendant.

3.  This affidavit is made in support of an application for a criminal complaint charging John Doe a.k.a. "T.B." (hereinafter referred to as DOE) with False Statements in the Application for a United States Passport, in violation of 18 U.S.C. § 1542.

4.  On or about February 27, 2020, DOE executed Form DS-82, U.S. Passport Renewal Application for Eligible Individuals. The DS-82 was subsequently assigned application number 618476174. On the application, DOE provided the name "T.B." and provided the date and place of his birth as: xx/xx/1954, Lake Worth, FL, and his social security number (SSN) as: xxx-xx-0847. The DS-82 application is used to renew an existing or expired U.S. passport. As proof of identity and citizenship, DOE included United States Passport 450600294, issued October 17, 2008 in the name of "T.B." which DOE fraudulently acquired.

5.  During adjudication of application number 618476174, the passport agency discovered a death record for "T.B." recorded in 1955. Further research revealed a newspaper article that "T.B." of Lake Worth died at the age of 3 months. Fraud Prevention Managers (FMPs) from the Passport Agency verified with the Florida Bureau of Vital Statistics that the death record was authentic and that "T.B." (with the same date of birth listed by DOE on his application) was deceased. Additionally the FPMs had discovered that the SSN associated with "T.B." was registered in 1983 and would be considered a delayed or late issuance of a SSN for a person born in 1954. Based on this information, passport application number

618476174 was assigned to the Diplomatic Security Service, Miami Field Office, for investigation.

6. During the investigation, I searched Department of State (DOS) records for passport records associated with DOE using the identity of "T.B." DOS records indicate that DOE had applied for and received U.S. passports on three other occasions:

(a) On or about October 10, 2008, DOE (falsely claiming to be "T.B.") executed a DS-82 passport application, assigned application number 229381086. Passport book number 450600294 was issued October 17, 2008, and expired October 16, 2018;

(b) On or about October 26, 1998, DOE (falsely claiming to be "T.B.") executed a DSP-82 passport application, assigned application number 159302904. Passport book number 159302904 was issued November 3, 1998, and expired November 2, 2008. This passport was submitted as proof of identity and citizenship with application number 229381086;

(c) On or about March 19, 1987, DOE (falsely claiming to be "T.B.") was issued Passport book number Z5962940.

7. The photographs provided for the passport applications in 2020, 2008, and 1998 bear a strong likeness to each other. Based on this, it appears that DOE

(purporting to be "T.B.") applied for and received these passports. Below are photographs of DOE that he submitted in those previous applications:

  

*2020*     *2008*     *1998*

8. A search of the Florida Driver and Vehicle Information Database (DAVID) revealed that DOE was issued a Florida driver's license in the name "T.B." and matching the same birthdate and SSN provided by DOE in his passport applications. The photographs in DAVID of DOE bear a strong likeness to photographs above that were provided with the 2020, 2008, and 1998 passport applications. Addresses associated with DOE in DAVID match those of the 2020 and 2008 passport applications. On or about September 6, 2013, DOE used passport number 450600294 as proof of identification in a transaction with the Florida Department of Highway Safety and Motor Vehicle.

9. I reviewed U.S. passport book number 450600294 that was submitted with the 2020 passport application and observed that the passport book had an entry stamp to the country of Vietnam dated January 25, 2018, and an exit stamp from

4

Vietnam dated February 10, 2018. I reviewed the passport applications for DOE from 2020, 2008, and 1998 and observed that the applicant never listed an emergency contact on his applications.

10. A search of DAVID using the address in Weirsdale, Florida, from his 2020 passport application revealed that another person lived at the address. The person appears to be a female cohabitant by the name "D.V.", date of birth xx/xx/1964, place of birth Vietnam. "D.V." and DOE have the same addresses from 2007 to 2020 according to the DAVID database.

11. I have also collaborated with Special Agent Michael Bishop with the United States Department of Transportation, Office of Inspector General on this case. According to Federal Aviation Administration (FAA) records obtained by SA Bishop, DOE has fraudulently applied for and received a pilot's license under the identity of "T.B." on December 21, 2000. DOE has applied for renewals or recertification of documents related to his pilot's license since that time, the most recent being on July 13, 2020. The FAA records reveal that DOE used the same birthdate and SSN for "T.B." that he used in his passport applications. DOE also listed his address as the same address in Weirsdale that is listed on his Florida driver's license.

12. Based on the above facts and circumstances, I believe there is probable cause to believe that on February 27, 2020, in the Middle District of Florida, DOE

willfully and knowingly make a false statement in the application and use of a United States passport, a violation of 18 U.S.C. § 1542.

_____
Kevin D. Grant
Special Agent
Diplomatic Security Service

Sworn and subscribed to before me this 30th day of November, 2020.

_____
The Honorable Philip R. Lammens
United States Magistrate Judge